WILLIAM B. TURNER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Turner v. Commissioner
Docket No. 10294-78.
United States Tax Court
T.C. Memo 1980-74; 1980 Tax Ct. Memo LEXIS 513; 39 T.C.M. (CCH) 1241; T.C.M. (RIA) 80074; March 17, 1980, Filed William B. Turner, pro se. Judith L. Pickholz, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge: Respondent determined a deficiency of $427.45 in petitioner's Federal income tax for the taxable year 1975. Two questions, which are interrelated, require decision: (a) whether petitioner was entitled to claim his mother as a dependent under section 151 [1] and (b) whether petitioner was entitled to the benefit of head-of-household rates under section 1(b). Additionally, disposition must be made of a motion to enter a decision in favor of petitioner. Some of the facts have been stipulated and are found accordingly. Petitioner had his legal residence in Lynbrook, N.Y., at the time his petition herein was filed. During the taxable year 1975, petitioner's mother lived with him at 41 Manor Road, Lynbrook, N.Y.
Prior to the call of this case for trial, petitioner filed a motion to end the case and enter a decision for petitioner on the *515 ground that the attorneys for respondent had engaged in activities which he claimed were criminal in nature and in violation of petitioner's rights. For reasons hereinafter set forth, petitioner's motion is denied. At the trial, petitioner conceded that his mother had in excess of $750 in gross income during the 1975 taxable year and that he had no other person for whom he could claim a dependency exemption living with him during that year. Indeed, he stated that he had long since told respondent that such was the case, and his main complaint in connection with his motion is that respondent nevertheless continued to pursue the case and failed to answer or otherwise deal with various questions he asked. The threshold requirement of section 151(e)(1)(A) is that no claim of a dependency exemption may be allowed if the person so claimed had in excess of $750 of gross income during the taxable year at issue. In view of petitioner's concession, he is clearly not entitled to the claimed exemption for his mother. If this requirement is not satisfied, it is immaterial that petitioner may have provided more than half of his mother's support during that year. [2], *516 affg. per curiam a Memorandum Opinion of this Court; ; . Not being entitled to claim his mother as a dependent and having no other person living with him in the same household, petitioner is likewise not entitled to head-of-household rates. Section 2(b)(1)(B) provides that such rates apply only to a taxpayer who "maintains a household which constitutes for such taxable year the principal place of abode of the father or mother of the taxpayer, if the taxpayer is entitled to a deduction * * * for such father or mother under section 151." Finally, we turn our attention to petitioner's motion. We find it unnecessary to deal with petitioner's allegations in respect of said motion. Ordinarily, this Court will not look behind a deficiency notice and evaluate the actions of respondent or his agents. ; *517 . But, even if we were to do so herein (cf. , we would not declare respondent's notice of deficiency void, which would be the effect of granting petitioner's motion; the most we would do would be to shift the bruden of proof to respondent. See . See also , where we merely shifted to the respondent the burden of going forward with evidence. Under the circumstances herein, petitioner's concession as to the level of his mother's gross income satisfies any burden which might have been shifted to respondent. In view of the foregoing, petitioner's motion will be denied and Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954 as amended and in effect during the taxable year at issue.↩
2. As a consequence, no portion of the trial was devoted to determining whether petitioner in fact had provided more than half of his mother's support as required by section 152(a).↩